**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PREMIER BANKING, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:13-cv-01533-GMN-CWH |
| vs. ) | |
| ) | **ORDER** |
| RENO FLIGHT SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This action was filed by Plaintiff Premier Banking against Defendant Reno Flight Services, Inc. (ECF No. 1-3.)  Pending before the Court are Defendant's Motion to Dismiss (ECF No. 10), Motion to Strike (ECF No. 21), and Motion to Dismiss (ECF No. 24).  The response deadline for the Motion to Dismiss (ECF No. 24) has not yet expired.

## I.   BACKGROUND

On October 18, 2013, the Court ordered Defendant to show cause as to why the Court should not:

(1) construe Plaintiff's Errata (ECF No. 12) as a motion for leave to amend pursuant to Rule 15(a)(2);
(2) grant Plaintiff leave to file the Errata (ECF No. 12) as a Second Amended Complaint; and
(3) deny as moot Defendant's Motion to Dismiss (ECF No. 10), Motion to Strike (ECF No. 21), and Motion to Dismiss (ECF No. 24).

(Order, Oct. 18, 2013, ECF No. 27.)  On October 22, 2013, Defendant filed its Response (ECF No. 30).

## II.  DISCUSSION

Responding to the third item of the Court's Order, Defendant indicates that the Motion to Dismiss (ECF No. 10) is moot and that "[i]f the Court allows the errata to have the effect of a

second amended complaint, in derogation of FRCP 15, then the Defendant's Motion to Strike and Motion to Dismiss would be moot," apparently referring to the Motion to Strike (ECF No. 21) and Motion to Dismiss (ECF No. 24). (*Id.*)

Defendant did not address the first item as to why Plaintiff's Errata (ECF No. 12) should not be construed as a motion for leave to amend pursuant to Rule 15(a)(2); although Defendant twice indicated its recognition of this item.[1] Instead, Defendant directs its argument to the second item of the Court's Order, by giving "two reasons that the errata should not be construed as a Second Amended Complaint," apparently conflating the language of the first and second items of the Court's Order.

As indicated by the Court in its Order, leave to amend appears justified, even though Plaintiff has not filed a motion requesting relief under Rule 15(a)(2). Now, even after being given an opportunity to show cause, Defendant has failed to provide any basis for the Court to find that Plaintiff's Errata (ECF No. 12) should not be construed as such a motion. Therefore, because Defendant has not presented any opposition, and finding good cause, the Court will construe Plaintiff's Errata (ECF No. 12) as a motion for leave to amend pursuant to Rule 15(a)(2), requesting the court's leave where Defendant has apparently refused its consent.

In its Response, Defendant's only argument as to prejudice is that a new motion to dismiss would be required if Plaintiff is given leave to file a Second Amended Complaint because the Motion to Dismiss (ECF No. 24) would be rendered moot, and Defendant would then incur "additional costs and attorney's fees." (Response, 2:17–21, ECF No. 30.) Here, the Court will permit full briefing in an abundance of caution. However, the prejudice described by Defendant is likely to be multiplied if Defendant opposes Plaintiff's motion without

---

[1] In the first page of the Response, Defendant quotes from the Court's Order. (Response, 1:19–20, ECF No. 30.) On the second page of the Response, Defendant begins a paragraph with the sentence, "This Court queried whether the errata should be construed as a motion for leave to amend." (*Id.* at 2:13–14.) But instead of answering that query, Defendant's next sentence states, "There are two reasons that the errata should not be construed as a Second Amended Complaint ('SAC')." (*Id.* at 2:14–15.)

presenting additional grounds justifying denial of Plaintiff's request to file a Second Amended Complaint.  Therefore, if the parties determine that full briefing on the motion is unnecessary, the Court will entertain any requests to vacate the briefing order upon the filing of a stipulation pursuant to Local Rule 7-1.

Finally, as indicated by Defendant, the Motion to Dismiss (ECF No. 10) is now moot, and it will therefore be denied.  Also, because the Court is construing the Errata (ECF No. 12) as a motion, Defendant's Motion to Strike (ECF No. 21) will also be denied as moot.

### III.   CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 10) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that the Motion to Strike (ECF No. 21) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Errata (ECF No. 12) shall be construed as a Motion for Leave to Amend**.  Defendant shall have until November 5, 2013, to file a Response,** and further briefing on the motion shall proceed pursuant to the Local Rules of Civil Practice for the District of Nevada.

**IT IS FURTHER ORDERED** that briefing on the Motion to Dismiss (ECF No. 24) shall be **STAYED** pending resolution of the Motion for Leave to Amend.

**DATED** this 22nd day of October, 2013.

_____
Gloria M. Navarro
United States District Judge