MARK E. FERRARIO, Esq.
Nevada Bar No. 1625
BRANDON E. ROOS, Esq.
Nevada Bar No. 7888
MICHAEL R. HOGUE, Esq.
Nevada Bar No. 12400
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

KEVIN M. KOEPKE, Esq.
Minnesota SBN 0245306
KOEPKE BUELOW LAW, LTD.
2900 Washington Avenue North
Minneapolis, Minnesota 55411
Telephone: (763) 201-1201
Fax: (763) 201-1212
*Appearing pro hac vice*

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PREMIER BANK, a Minnesota banking corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>RENO FLIGHT SERVICES, INC., a Nevada corporation, DOES I-X, inclusive, and ROE COMPANIES XI-XX, inclusive,<br><br>    Defendants. | Case No.: 2:13-cv-01533-GMN-CWH<br><br>**<u>ORDER</u>** |

Pending before the Court is the Amended Motion to Dismiss Second Amended Complaint (ECF No. 40) filed by Defendant Reno Flight Services, Inc. ("Defendant"). Plaintiff Premier Bank ("Plaintiff") filed a Response (ECF No. 41), and Defendant filed a Reply (ECF No. 42).

### I.    BACKGROUND

Plaintiff is a Minnesota banking corporation. Defendant is a Nevada corporation which operates under a Federal Aviation Administration ("FAA") certificate as an air charter, air ambulance, and air freight company. Plaintiff brings this action for two counts of conversion,

trespass to chattels, negligence, and breach of contract (alternative to counts I through IV) against Defendant in connection to an aircraft owned by Plaintiff's borrower, First Star, Inc. ("First Star"), which was allegedly damaged by Defendant as outlined in the Second Amended Complaint. The aircraft constituted the Plaintiff's collateral for its loan to First Star, so Plaintiff alleges that Defendant's actions caused Plaintiff to suffer the destruction of its collateral.

## II. LEGAL STANDARD

A court should not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)). When reviewing a motion to dismiss for failure to state a claim, "the court must construe the complaint in the light most favorable to the plaintiff, taking all allegations as true and drawing all reasonable inferences from the complaint in [the plaintiff's] favor." *Id.* Claims should not be dismissed "unless it is certain that the law would not permit the requested relief even if all the allegations in the complaint were proven true." *Colaprico v. Sun Microsystems, Inc.,* 758 F.Supp. 1335, 1337 (N.D. Cal. 1991).

## III. DISCUSSION

### a. Statute of Limitations

In its Motion to Dismiss, Defendant argues that Plaintiff's tort claims are subject to Nevada's three-year period of limitations, and therefore they are time barred. (Mot. To Dismiss 5:5-7:18, ECF No. 40.) The crux of Defendant's argument is that the lease between First Star and Defendant for the aircraft in question (the "Lease") contains a choice of law provision: "This Lease shall be construed pursuant to the laws of the State of Nevada and any action to enforce it shall be brought in the state [sic] of Nevada." (*Id.* at 5:9-12.) In its response, Plaintiff argues that Oregon's six-year limitations period applies to these claims, and therefore they are not time barred. (Response to Mot. To Dismiss 7:1-10:12, ECF No. 41.)

This Court is not persuaded by Defendant's arguments. Oregon's statute of limitations may control Plaintiff's tort claims. Oregon law may apply to the tort claims because Oregon is the state most closely connected to both the alleged conduct at issue in this case and the place where the

Greenberg Traurig, LLP
Suite 400 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

LV 420315116v1

alleged damage may have occurred. Plaintiff alleges that the acts and omissions set forth in the Second Amended Complaint occurred in Oregon. (Response to Mot. To Dismiss 8:22-9:22, ECF No. 41.) Plaintiff further alleges that Defendant's primary place of business is in Oregon, that Defendant signed the Lease in Oregon, and that the parties agreed that the aircraft shall be based in Oregon.

For these reasons, this Court finds that Oregon's six-year limitations period may apply to Plaintiff's tort claims, and therefore the motion to dismiss for the statute of limitations is denied.

### b. Sufficiency of Pleadings

In its Motion to Dismiss, Defendant argues that Plaintiff's claims each fail to state a claim under Nevada law. Plaintiff argues that Oregon law applies to it claims, and furthermore that its claims were pleaded under both Oregon and Nevada law. Because there may be a basis for application of Oregon law, the court denies the motion to dismiss.

But whether under Oregon or Nevada law, Plaintiff's claims are sufficiently pleaded. The allegations in Plaintiff's Complaint, if taken as true and making all appropriate inferences in favor of Plaintiff, are sufficient to support Plaintiff's claims.

## IV. CONCLUSION

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant's Amended Motion to Dismiss Second Amended Complaint (ECF No. 40) is **DENIED IN ITS ENTIRETY.**

**DATED** this 3rd day of October, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court

LV 420315116v1

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: ___/s/Michael R. Hogue___
MARK E. FERRARIO, Esq.
NEVADA BAR NO. 1625
BRANDON E. ROOS, Esq.
NEVADA BAR NO. 7888
MICHAEL R. HOGUE, Esq.
NEVADA BAR NO. 12400
GREENBERG TRAURIG, LLP
3773 HOWARD HUGHES PARKWAY
SUITE 400 NORTH

KEVIN M. KOEPKE, Esq.
Minnesota SBN 0245306
KOEPKE BUELOW LAW, LTD.
2900 Washington Avenue North
Minneapolis, Minnesota 55411
Telephone: (763) 201-1201
Fax: (763) 201-1212
*Appearing Pro hac vice*

ATTORNEYS FOR PLAINTIFF